UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

RUBEN HERNANDEZ,
YOANNY AREBALO ALBA and
other similarly situated individuals,

       Plaintiffs(s),

vs.

PRO FACADE LLC, a Florida Corporation,
JOSE BARRIOS, RAPHAEL LEVY,
and DELFINA BARRIOS, individually.

       Defendants.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiffs, **RUBEN HERNANDEZ and YOANNY AREBALO ALBA**, by and through the undersigned counsel, sues the Defendants and allege:

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, RUBEN HERNANDEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Plaintiff, YOANNY AREBALO ALBA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

1

4. Defendant, PRO FACADE LLC, is a Florida Profit corporation having their main place of business in Miami-Dade County, Florida, where Plaintiffs worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. Defendant, JOSE BARRIOS is the owner of PRO FAÇADE LLC and a resident of Miami-Dade County, Florida.

6. Defendant, RAPHAEL LEVY is the owner of PRO FAÇADE LLC and a resident of Broward County, Florida.

7. Defendant, DELFINA BARRIOS is the owner of PRO FAÇADE LLC and a resident of Miami-Dade County, Florida.

8. The Plaintiffs, RUBEN HERNANDEZ and YOANNY AREBALO ALBA, are iron facade installer employees who performed various duties which included, any and all works that were necessary of him in the construction site, including but not limited, to, assisting in putting dry wall, assisted in plumbing matters, and assisted with general carpentry. The Plaintiffs work for the Defendants likewise affects interstate commerce. Defendants employed Plaintiffs as iron facade installer employed by PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios.

9. While employed by Defendants, the Defendants failed to pay the Plaintiff, RUBEN HERNANDEZ overtime for ten (10) pay periods and is owed one hundred (100) hours of overtime and not being compensated for any hours over 40.

10. Plaintiff, RUBEN HERNANDEZ was paid an average of **$18.00** an hour in starting on or about **June 1, 2020** through **and continuing through September 18, 2020** but was not paid for any hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime and wages accumulated from the date of hire and/or from the date of the filing of this complaint.

11. Plaintiffs was required to work in excess of 40 hours per week with no provisions for overtime wages.

12. Prior to the completion of discovery and to the best of Plaintiff, RUBEN HERNANDEZ, knowledge, at the time of the filing of this complaint, **Plaintiff's, good faith estimate of unpaid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a bi-weekly basis as follows:

- Pay period one (pay period beginning June 8, 2020): RUBEN HERNANDEZ worked 42 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $1,134.00.

- Pay period two (pay period beginning June 15, 2020): RUBEN HERNANDEZ worked 10 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $270.00.

- Pay period three (pay period beginning June 29, 2020): RUBEN HERNANDEZ worked 8 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $216.00.

- Pay period four (pay period beginning July 6, 2020): RUBEN HERNANDEZ worked 9 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $243.00.

- Pay period five (pay period beginning July 13, 2020): RUBEN HERNANDEZ worked 9 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $243.00.

- Pay period six (pay period beginning July 20, 2020): RUBEN HERNANDEZ worked 4 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $108.00.

- Pay period seven (pay period beginning July 27, 2020): RUBEN HERNANDEZ worked 4 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $108.00.

- Pay period eight (pay period beginning August 3, 2020): RUBEN HERNANDEZ worked 5 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $135.00.

- Pay period nine (pay period beginning August 31, 2020): RUBEN HERNANDEZ worked 4 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $108.00.

- Pay period ten (pay period beginning September 14, 2020): RUBEN HERNANDEZ worked 5 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $135.00.

THEREFORE, the Plaintiff is owed a total of $2,700.00 in unpaid wages.

**Liquidated Damages** The nature of wages and statutory damages owed are unpaid, and untimely paid statutory minimum wages, and corresponding liquidated damages representing an equal amount in double damages/liquidated damages of $2,700.00

**TOTAL DAMAGES: $5,400.00 in estimated damages plus reasonable attorney's fees and costs of suit**.

13. While employed by Defendants, the Defendants failed to pay the Plaintiff, YOANNY AREBALO ALBA overtime wages for ten (10) pay periods and is owed one hundred (100) hours of overtime and not being compensated for any hours over 40.

14. Plaintiff, YOANNY AREBALO ALBA was paid an average of **$18.00** an hour in starting on or about **June 1, 2020** through **and continuing through September 18, 2020** but was not paid for any hours that he worked in excess of 40 hours per week. Plaintiff seeks to

recover for unpaid overtime and wages accumulated from the date of hire and/or from the date of the filing of this complaint.

15. Plaintiff was required to work in excess of 40 hours per week with no provisions for overtime wages.

16. Prior to the completion of discovery and to the best of Plaintiff YOANNY AREBALO ALBA, knowledge, at the time of the filing of this complaint, **Plaintiffs, good faith estimate of unpaid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a bi-weekly basis as follows:

- Pay period one (pay period beginning June 8, 2020 YOANNY AREBALO ALBA worked 42 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $1,134.00.

- Pay period two (pay period beginning June 15, 2020): YOANNY AREBALO ALBA worked 10 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $270.00.

- Pay period three (pay period beginning June 29, 2020): YOANNY AREBALO ALBA worked 8 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $216.00.

- Pay period four (pay period beginning July 6, 2020): YOANNY AREBALO ALBA worked 9 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $243.00.

- Pay period five (pay period beginning July 13, 2020): YOANNY AREBALO ALBA worked 9 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $243.00.

- Pay period six (pay period beginning July 20, 2020): YOANNY AREBALO ALBA worked 4 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $108.00.

- Pay period seven (pay period beginning July 27, 2020): YOANNY AREBALO ALBA worked 4 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $108.00.

- Pay period eight (pay period beginning August 3, 2020): YOANNY AREBALO ALBA worked 5 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $135.00.

- Pay period nine (pay period beginning August 31, 2020): YOANNY AREBALO ALBA worked 4 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $108.00.

- Pay period ten (pay period beginning September 14, 2020): YOANNY AREBALO ALBA worked 5 hours ($27.00 per hour) of unpaid overtime wages for a total amount due of $135.00.

THEREFORE, the Plaintiff is owed a total of $2,700.00 in unpaid wages.

**Liquidated Damages** The nature of wages and statutory damages owed are unpaid, and untimely paid statutory minimum wages, and corresponding liquidated damages representing an equal amount in double damages/liquidated damages of $2,700.00

**TOTAL DAMAGES: $5,400.00 in estimated damages plus reasonable attorney's fees and costs of suit**.

## COUNT I: FAILURE TO PAY
## VIOLATION BY PRO FACADE LLC, AND JOSE BARRIOS, RAPHAEL LEVY, DELFINA BARRIOS

17. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 16 above as if set out in full herein.

18. At all times material hereto, the Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios , failed to comply with Title 29 U.S.C. §§201-219 and 29 C.F.R. and § 516.2 and §516.4 et seq. in that the Plaintiffs, RUBEN HERNANDEZ performed services and no provision was made by the Defendants to properly pay them as required by the act. The additional persons who may become Plaintiffs in this action were weekly paid employees and/or former employees of the Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios , who are and who were subject to the unlawful payroll practices and procedures of the Defendants.

19. The Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios, knew and/or showed reckless disregard for the provisions of the Act concerning the payment of wages required by the Fair Labor Standards Act (FLSA) and remain owing the Plaintiffs unpaid wages as set forth above.

20. The Plaintiffs are entitled to recover double damages. Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios never posted any notice, as required by the Fair Labor Standards Act (FLSA) and Federal Law, to inform employees of their federal rights to minimum wage payments.

21. The Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios willfully and intentionally refused to pay the Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiffs these unpaid wages since June 2020.

22. The Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fee.

23. The Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios , have violated the FLSA's prompt payment requirement by failing to pay Plaintiffs, promptly.

24. The Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios violation of FLSA provisions concerning prompt, regular payment of wages were willful.

25. The Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

26. The Plaintiffs are entitled to recover liquidated damages in an amount equal the actual damages for Defendant's FLSA violation.

**COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST , PRO FACADE LLC, AND JOSE BARRIOS, RAPHAEL LEVY, DELFINA BARRIOS**

27. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

28. This action is brought by Plaintiffs and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8

29. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendants operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

30. By reason of the foregoing, the Employer/Defendants are and were during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios business activities involve those to which the Fair Labor Standards Act applies. The Defendant provides general handy-man work, and through its business activity, affects interstate commerce. The Plaintiffs' work for the Defendants likewise affects interstate commerce. Plaintiffs were employed by Defendants as an iron façade installer employees who performed various duties which included, any and all works that were necessary of him in the construction site, including but not limited, to, assisting in putting dry wall,

assisted in plumbing matters, and assisted with general carpentry. wherever assigned by PRO FACADE LLC

31. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are bi-weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

32. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages.  Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

33. At the times mentioned, Defendant Jose Barrios, Raphael Levy, Delfina Barrios was, and is now, the President and/or owner of Defendant Corporations.  Defendant, Jose Barrios, Raphael Levy, Delfina Barrios , was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in

relation to the employees of Defendant employer, including Plaintiffs and others similarly situated. Defendant, Jose Barrios, Raphael Levy, Delfina Barrios, had operational control of the business, provided Plaintiffs with his work schedule, and is jointly liable for Plaintiffs' damages.

34. Defendants, PRO FACADE LLC, and Jose Barrios, Raphael Levy, Delfina Barrios willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

35. Plaintiffs has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### COUNT III: VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### (Failure to Pay Minimum Wages)

Plaintiffs adopts the allegations set forth in 1-16, as though set forth herein.

36. At all times during, the Plaintiffs and others similarly situated were required to be paid a minimum hourly wage for every hour worked for the Employer and overtime for any hours over 40 hours at time and half.

37. Since 2020 through the present, Defendants have violated the provisions of §448.110, Florida Statute by failing to timely pay Plaintiffs and others similarly situated, anything on the scheduled pay date, and/or ultimately paying them less than the minimum wage rates, and/or not paying them overtime required under both federal law, and under Florida law and the Florida Constitution.

38. Plaintiffs have satisfied any condition precedent to filing this action, if any.

39. The Employer knew or showed a reckless and willful disregard for the provisions of the Florida Minimum Wage Act and the FLSA concerning the timely payment of minimum wages for all hours worked, and accordingly remains owing to the named Plaintiff and

other similarly situated employees, unpaid minimum hourly wages for every hour worked during each respective pay period, and liquidated damages based upon the tardy or non-payment of wages due.

WHEREFORE, Plaintiffs, **RUBEN HERNANDEZ and YOANNY AREBALO ALBA**, and others similarly situated demand the following: liquidated damages for the untimely payment of wages after the scheduled pay date; payment of unpaid minimum wages for every hour worked during applicable pay periods, together with reasonable attorney's fees and costs, to be proven at the time of trial. In the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A.  Enter judgment for Plaintiffs and other similarly-situated individuals and against the Defendants, **PRO FACADE LLC,  Jose Barrios, Raphael Levy, and Delfina Barrios** on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., other Federal Regulations and Florida Statute§448.110  ; and

 B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law and Florida Law.

## JURY DEMAND

Plaintiffs and those similarly-situated individuals demand trial by jury of all issues triable as of right by jury.

Respectfully submitted,

**JARA LAW FIRM**
10271 Sunset Drive, Suite 103
Miami, Florida 33173
Telephone: (305) 372-0290
Franklin@JaraLaw.com
Joanna@JaraLaw.com

By: /s/ Franklin A. Jara_____
    Franklin Antonio Jara, Esq.
    Fla. Bar No. 636681